Hussain KAREEM, Appellant

v.

FEDERAL DEPOSIT INSURANCE CORPORATION and Johnson & Freedman II, LLC, doing business as Morris, Schneider, Prior, Freedman & Johnson, LLC, Appellees.

No. 11–5277.

United States Court of Appeals, District of Columbia Circuit.

Sept. 28, 2012.

Rehearing En Banc Denied Jan. 2, 2013.

Hussain Kareem, Lawrenceville, GA, pro se.

Jaclyn Chait Taner, Federal Deposit Insurance Corporation, Arlington, VA, Paul Gerard Wersant, Aldridge Connors, LLP, Atlanta, GA, for Appellees.

Before: SENTELLE, Chief Judge, and TATEL and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed September 15, 2011, be affirmed. The district court properly dismissed appellant's complaint as untimely because it was filed more than 60 days after his administrative claim was deemed disallowed. *See* 12 U.S.C. § 1821(d)(6); *see also Freeman v. FDIC,* 56 F.3d 1394, 1400 (D.C.Cir.1995). Appellant is not entitled to the benefits of the "mailbox rule" because he is not a prisoner. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (stating that "prisoners cannot take the steps other litigants can take to . . . ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline"); *see also* Fed.R.Civ.P. 5(d)(2) (a paper is filed by "delivering it" to the Clerk). Nor has appellant demonstrated that his complaint should be treated as timely filed because of excusable neglect. Also, the district court did not err in denying appellant's motions for reconsideration, for judgment as a matter of law, to set aside or vacate the judgment, and for a new trial.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.